HehRY Gr. Smith, J.,
delivered the opinion of the Court.
*432 Spinks brought his action upon a promissory note, made by Boyd, payable to Polk, and by Polk indorsed to Spinks.
The note fell due January 7, 1862, was indorsed to Spinks, July 4, 1862, and demand of payment made by Spinks, about the spring of 1866, whén demand was made of Hugh Harkins, administrator of Boyd, who refused to pay, and therefore, notice of the non-payment was given to Polk.
Boyd, Polk, Spinks, and Boyd’s administrator, were residents all this time, in Hardeman County; excepting, however, that Boyd died in November, 1864.
The question in the case was, whether presentment for payment was made in due time, to charge the in-dorser.
The jury were instructed that the existence of the civil war excused the delay of presentment during- its continuance, and that the war existed from April, 1861, to the restoration of peace, and the re-establishment of civil law, in 1865.
In this there is error. The existence of war between the country of the maker and the country of the holder, excuse presentment for payment during the continuance of the war, and until the lapse of a reasonable time after the restoration of peace. By the public law, payment during the existence of such war would be unlawful, and presentment for payment would be void.
Altogether different, however, is the rule, when the maker and the holder are residents of the same country, and the war is between .the country of their resi *433 dence and another country; or in the case of a civil •war between the people of the region where the holder and maker reside, and the sovereign government of the whole country, the existence of such war has the same and no other effect upon the rights and liabilities of parties to negotiable paper as dependent upon demand and notice, than has the existence of a war between the country of their residence and a foreign government. In the case of a war of either kind, its damages, disturbances and obstructions, may be so brought home to and prevail in the locality wherein the parties reside, as to constitute such obstacles to the presentment of the paper as will suffice to excuse presentment during the continuance of the obstacles, and for a reasonable time after their cessation.
Obstacles of the kind which will excuse, need not be of the degree or extent which make travel, intercourse, presentment, impossible. It is enough if they be of the degree and character which deter men of ordinary prudence, energy and courage, from encountering them in the prosecution of business, in respect of which they owe an active and earnest duty, and feel an active and earnest interest. Dangers, difficulties, obstructions of a slight character, are not enough to excuse. The duty which the holder owes to the indor-ser, requires of the holder to give willing, earnest, active and real energy and effort to make presentment to the payor, at the proper time prescribed by law. In the case of a note indorsed over due, presentment should be made in reasonable time after the indorsement; and, if such presentment be prevented by hin *434 drances of the character defined, it must be made within a reasonable time after the hindrances are removed.
The “impossibility” mentioned in some of the textbooks, in respect to questions of this kind, is not understood to mean hindrances, or obstructions of a degree or character, greater than as defined herein above.
Other questions are to be found in this record, proper enough to be settled, and which we should do, were the means at hand to enable us to do so safely and satisfactorily.
The error designated is enough to require this case to be sent back for new trial.
Reverse, etc.